# EXHIBIT "B"

 **CT Corporation**

**Service of Process Transmittal**
05/10/2021
CT Log Number 539528787

TO:     Serviceof Process
        CVS Health Companies
        1 CVS DR MAIL CODE 1160
        WOONSOCKET, RI 02895-6146

RE:     **Process Served in California**

FOR:    CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Guillermo Rodriguez, ETC., PLTF. vs. C.V. S . Pharmacy Inc., ETC., ET AL., DFTS. // TO: CVS PHARMACY, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 19STCV01592 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/10/2021 at 14:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/10/2021, Expected Purge Date: 05/15/2021<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Mon, May 10, 2021

**Server Name:**       DROP SERVICE

Entity Served          CVS PHARMACY, INC.

Agent Name             C2543240

Case Number            19STCV01592

Jurisdiction           CA



19STCV01592

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Georgina Rizk

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James J Allemand, 293571<br>Allemand Law Group<br>6528 Greenleaf Avenue, #217<br>Whittier, CA 90601<br>TELEPHONE NO.: (562) 867-1100    FAX NO.*(Optional):* (562) 867-3603<br>E-MAIL ADDRESS *(Optional):*    james@allemandlaw.com<br>ATTORNEY FOR *(Name):* Guillermo Rodriguez, Guillermo Eloy Rodriguez Sotomayor, | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF: Guillermo Rodriguez G.A.L. for Minor G. Rodriguez

DEFENDANT: C.V.S. Pharmacy Inc. a Rhode Island Corporation
Registered to Do Business in California
[X] DOES 1 TO 30

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
  ☐ **AMENDED** *(Number):*
Type *(check all that apply):*
☐ **MOTOR VEHICLE**   [X] **OTHER** *(specify):*   Medical Negligence
  ☐ **Property Damage**   ☐ **Wrongful Death**
  [X] **Personal Injury**   ☐ **Other Damages** *(specify):*

| | CASE NUMBER: |
|---|---|
| **Jurisdiction** *(check all that apply):*<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br>  **Amount demanded**  ☐ **does not exceed $10,000**<br>              ☐ **exceeds $10,000, but does not exceed $25,000**<br>[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED by this amended complaint**<br>  ☐ **from limited to unlimited**<br>  ☐ **from unlimited to limited** | |

1. **Plaintiff** *(name or names):* Guillermo Rodriguez G.A.L. for Minor G. Rodriguez

   alleges causes of action against **defendant** *(name or names):* C.V.S. PHARMACY, INC., A Rhode Island Corporation
   Registered To Do Business in California

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
  a. [X] **except** plaintiff *(name):* MINOR G. RODRIGUEZ
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) [X] a minor   ☐ an adult
       (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

  b. ☐ **except** plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor   ☐ an adult
       (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

CEB | Essential
ceb.com | ⍰Forms

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

Guillermo Rodriguez

**PLD-PI-001**

| SHORT TITLE:<br>MINOR G. RODRIGUEZ V. C.V.S. PHARMACY, INC, ET AL. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):* Guillermo Rodriguez
    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☒ **except** defendant *(name):*
      C.V.S. PHARMACY, INC.
    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☒ Doe defendants *(specify Doe numbers):* 1-15 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☒ Doe defendants *(specify Doe numbers):* 16-30 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Guillermo Rodriguez

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Minor G. Rodriguez v. C.V.S. Pharmacy, Inc et al | |

10.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a.  [ ] Motor Vehicle
   b.  [X] General Negligence   (MEDICAL NEGLIGENCE)
   c.  [ ] Intentional Tort
   d.  [ ] Products Liability
   e.  [ ] Premises Liability
   f.  [ ] Other *(specify)* :

11.  Plaintiff has suffered
   a.  [ ] wage loss
   b.  [ ] loss of use of property
   c.  [X] hospital and medical expenses
   d.  [X] general damage
   e.  [ ] property damage
   f.  [ ] loss of earning capacity
   g.  [ ] other damage *(specify)* :

12.  [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a.  [ ] listed in Attachment 12.
   b.  [ ] as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a.  (1) [X] compensatory damages
       (2) [ ] punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) [X] according to proof
       (2) [ ] in the amount of: $

15.  [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: JANUARY 16, 2019

JAMES J. ALLEMAND, ESQ. ATTORNEY FOR PLAINTIFF
(TYPE OR PRINT NAME)                                   ▶                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]                **COMPLAINT-Personal Injury, Property**                Page 3 of 4
                                                       **Damage, Wrongful Death**
CEB® Essential                                                                          Guillermo Rodriguez
ceb.com Forms

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MINOR G. RODRIGUEZ V. C.V.S PHARMACY, INC., ET AL | |

____FIRST____        **CAUSE OF ACTION- General Negligence**   Page ___4___
(number)
ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint      (MEDICAL NEGLIGENCE

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Guillermo Rodriguez
                          Guillermo Eloy Rodriguez Sotomayor

   alleges that defendant *(name)*: C.V.S. PHARMACY, INC.

            [X] Does ___1___ to _30____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  JANUARY 18, 2018
at *(place)*:  C.V.S. STORE NUMBER 8867 LOCATED AT 7915 FLORENCE AVE., DOWNEY, CA 90240

*(description of reasons for liability)* :

      Defendants and each of them, are pharmacists or pharmacies ,licensed to dispence
drugs in California pursuant to Bus. & Prof. Code §§4000 ET SEQ, and were at all times practicing
pharmacists or pharmacy in the County of Los Angeles, California on or about January 2018.
Defendants, and each of them, undertook employment to fulfill prescriptions and dispense drugs and
to provide the public including plaintiff with proper medication.
      Defendants, and each of them, lacked the necessary knowledge and skill to properly follow
directions and fulfill prescriptions as written by medical providers. The negligent mis-dispensing
by defendants, and each of them, resulted in plaintiff's suffering a bleeding out event, which
required hospitalization, monitoring and treatment differently than had the negligent
mis-dispensing not occurred.  The mis-dispensing proximately caused the injuries and damages
alleged.
      On or about January 18, 2018 under prescription 1590206, the Defendants misdispensed and
filled in error an outpatient prescription for Plaintiff.  Medical Providers prescribed, then
described and told Plaintiff's parents that the prescription was going to be 5 mgs and they would
from that point forward be required to "give (5)five (1mg) one milligram pills instead of the 4.5
that they had been giving."  Plaintiff's parents understood that they were to dispense to the
Minor G. Rodriguez "5qty-1mg pills".
      HOWEVER, Defendants unilaterally changed the prescription from "(5)five (1mg) one milligram"
tablets to (5mg) five milligram tablets one times per day.  Plaintiff was never warned, was never
told about the unilateral decision.  As a result, Plaintiff injested five times the prescribed
amount and started to bleed out.  Plaintiff peed blood, excreted blood from his anus, and bled
from his gums.  As a result, Plaintiff was hospitalized and will be required to be monitored for
Thrombosis.  Plaintiff was required to daily, then weekly report to a hematologist so taht his
blood could be drawn.  Plaintiff has not yet been released.  Plaintiff Did NOT Discover
the Negligence of Defendants until On or about January 31, 2018.

Form Approved for Optional Use
Judicial Council of California        **CAUSE OF ACTION- General Negligence**        Code of Civil Procedure 425.12
PLD-PI-001(2) [Rev. January 1, 2007]                                                www.courtinfo.ca.gov

CEB® | Essential
ceb.com | Forms                                      Guillermo Rodriguez

Electronically FILED by Superior Court of California, County of Los Angeles on 01/23/2019 09:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James J Allemand, 293571<br>Allemand Law Group<br>6528 Greenleaf Avenue, #217<br>Whittier, CA 90601<br>TELEPHONE NO.: (562) 867-1100    FAX NO.: (562) 867-3603<br>ATTORNEY FOR (Name): Guillermo Rodriguez, Guillermo Eloy Rodriguez Sotomayor, | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

CASE NAME: Guillermo Rodriguez, G.A.L. for Minor G. Rodriguez
v. C.V.S Phamacy, Inc. DOES 1 to 30

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [X] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* (1) One General Negligence (MEDICAL NEGLIGENCE)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 16, 2019

James J. Allemand
(TYPE OR PRINT NAME)                                    ▶                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB<br>ceb.com | Essential<br>Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Guillermo Rodriguez

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Guillermo Rodriguez

| SHORT TITLE: Minor G. Rodriguez v. C.V.S. Pharmacy, et. al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☑ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, ⑪ |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Minor G. Rodriguez v. C.V.S. Pharmacy, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Business Tort (07)** | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| **Civil Rights (08)** | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| **Defamation (13)** | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| **Fraud (16)** | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| **Professional Negligence (25)** | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| **Other (35)** | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Wrongful Termination (36)** | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| **Other Employment (15)** | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| **Other Contract (37)** | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer-Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| **Unlawful Detainer-Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| **Unlawful Detainer- Post-Foreclosure (34)** | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| **Unlawful Detainer-Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Row categories (left margin): Non-Personal Injury/ Property Damage/ Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Minor G. Rodriguez v. C.V.S. Pharmacy, et al. | CASE NUMBER |
|---|---|

| A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Minor G. Rodriguez v. C.V.S. Pharmacy, *et al.* | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>7915 Florence Ave. |
|---|---|
| CITY:<br>Downey | STATE:<br>CA | ZIP CODE:<br>90240 | |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __January 16, 2019__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

2018-SJ-007-00

1
2
3

**FILED**
Superior Court of California
County of Los Angeles

4    SUPERIOR COURT OF THE STATE OF CALIFORNIA

**APR 16 2018**

5    FOR THE COUNTY OF LOS ANGELES

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

6

7    IN RE PERSONAL INJURY              )    CASE NO.: *19STCVO1592*
     COURT ("PI COURT") PROCEDURES,    )
8    **CENTRAL DISTRICT**              )    STANDING ORDER RE: PERSONAL
     (EFFECTIVE APRIL 16, 2018)        )    INJURY PROCEDURES, CENTRAL
9                                       )    DISTRICT
                                        )
10   _____   )

11
12
13              **DEPARTMENT:**     2☑    3☐    4☐    5☐ 7☐

14              **FINAL STATUS CONFERENCE ("FSC"):**

15              • **DATE:** _7/7/2020_ AT 10:00 A.M.

16
17                            **TRIAL:**

18              • **DATE:** _7/21/2020_ AT 8:30 A.M.

19              **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

20              • **DATE:** _1/18/2022_ AT 8:30 A.M.

21

22   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23        Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

24   of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

25   Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26   THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

27   ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

28   PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

2018-SJ-007-00

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Page **2** of **8**

2018-SJ-007-00

1   The Court sets the above dates in this action in the PI Court circled above (Department

2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3   (C.R.C. Rules 3.714(b)(3), 3.729.)

4   **FILING OF DOCUMENTS**

5   2.      Parties may file documents in person at the filing window on the first floor of the Stanley

6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7   which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  §.583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.  To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.   Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.   Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.   Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.   This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.       The PI Courts do not conduct Case Management Conferences.   The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.       Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.   (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.       In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  *///*

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  **RESERVATION HEARING DATE**

2  10.      Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

3  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After

4  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

5  the reservation receipt (CRS) number printed on the face page of the document under the caption

6  and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize

7  the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday

8  through Friday, between 3:00 p.m. and 4:00 p.m.

9  **WITHDRAWAL OF MOTIONS**

10  11.      California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

11  immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI

12  Courts urge parties who amend pleadings in response to demurrers to file amended pleadings

13  before the date when opposition to the demurrer is due so that the PI Courts do not needlessly

14  prepare tentative rulings on demurrers.

15  **DISCOVERY MOTIONS**

16  12.      The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

17  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

18  attorney with full authority to make binding agreements, must attend in person.  The PI judges

19  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

20  of the Court.

21  13.      Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

22  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

23  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

24  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

25  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

26  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

27  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

28  filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

1  IDC.

2      If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.   After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1   the Court Reservation System from time to time because earlier hearing dates may become

2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8   the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10  a personal injury case is "complicated" the PI Courts will consider, among other things, the

11  number of pretrial hearings or the complexity of issues presented.

12  18.     Parties opposing a motion to transfer have five court days to file (at the filing window

13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14  (using the same LACIV 238 Motion to Transfer form).

15  19.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.     Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order.

(C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Page **8** of **8**

Standing Order Re Personal Injury Procedures, Central District

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/25/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Sky SoYeon Hahn _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Guillermo, G.A.L. for Minor G. Rodriguez Rodriguez | |
| DEFENDANT/RESPONDENT:<br>C.V.S. Pharmacy, Inc. a Rhode Island Corporation Registered To Do Business in California | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV01592 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Other - (name extension), Standing Order re PI Procedures and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Guillermo, G.A.L. for Minor G. Rodriguez Rodriguez
10727 La Reina
Downey, CA  90241

James Joseph Allemand
ALLEMAND LAW GROUP
6528 Greenleaf Ave.
Whittier, CA  90601

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/25/2019

By: __Sky SoYeon Hahn_____
     Deputy Clerk

CERTIFICATE OF MAILING

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

01/22/2019

Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ Ricardo Perez _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
19STCV01592

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Georgina T. Rizk | 2 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/22/2019
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Ricardo Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**